# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPRI MOTEL, LLC,<br><br>    Defendant. | Case No.: 1:18-cv-0062 - LJO - JLT<br><br>ORDER VACATING THE HEARING DATE OF JUNE 25, 2018<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT<br><br>(Doc. 11) |

Theresa Brooke requests that the Court enforce a settlement agreement reached with Defendant Capri Motel, LLC in this action, as well as sanctions related to filing the motion. (Doc. 11) The Court finds the matter suitable for decision without oral arguments, and the matter is taken under submission pursuant to Local Rule 230(g). Therefore, the hearing date of June 25, 2018 is **VACATED**. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I.    Background

Plaintiff initiated this action by filing a complaint on January 12, 2018. (Doc. 1) She alleges that she is a resident of Arizona and was visiting California in early December 2017. (*Id.* at 2, ¶¶ 2, 9) Plaintiff asserts she visited Capri Motel in Bakersfield, California, but was unable to access the lobby. (*Id.*, ¶ 9) Plaintiff alleges that she is "confined to a wheel chair" and was unable to enter the hotel "because there were steps leading to the doorway for the lobby." (*Id.*, ¶¶ 1, 9) She asserts the only other entrance was marked "Private Entrance" and "led to a living quarters or lounge for hotel

1

employees or owners." (*Id.* at 2-3, ¶ 9) Therefore, "Plaintiff could not book a room" at the Capri Hotel. (*Id.* at 3, ¶ 9)

Plaintiff contends she "frequented Bakersfield in the past and intends to travel there again in the near future." (Doc. 1 at 3, ¶ 10) She asserts that she "will lodge at Defendant's hotel for [an] upcoming trip if Defendant removes the barriers." (*Id.*, ¶ 11)

Based upon these facts, Plaintiff contends that the hotel owners are liable for violations of Title III of the Americans with Disabilities Act of 1990; California's Unruh Civil Rights Act, Cal. Civil Code §§ 51, 52; and California Disabled Persons Act, Cal. Civil Code §§ 54-54.3. (Doc. 1 at 3-9) Plaintiff seeks "a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel lobby into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the lobby is fully accessible to, and independently usable by, disabled individuals." (*Id.* at 6, ¶ 23 (b)) Further, Plaintiff's prayer for relief includes a request that the Court "[o]rder closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA." (*Id.* at 10, ¶ 46(e))

On April 9, 2018, the Court issued an order to Plaintiff to "show cause why sanctions should not be imposed for the failure to serve and file proofs of service on the defendants" or, in the alternative, to file her proofs of service. (Doc. 4 at 2) The following day, Plaintiff responded to the Court's order and filed a proof of service, indicating Defendant was served with the summons and complaint on January 19, 2018. (Doc. 5 at 1; Doc. 6 at 2)

On April 10, 2018, Plaintiff also informed the Court that "a settlement was reached during the telephone conversation" with Defendant on February 9, 2018, after which the parties executed a written agreement. (Doc. 5 at 2) According to Plaintiff, although the agreement called for Defendant to remove the barrier to the lobby and "pay Plaintiff $5,000.00 in two equal installments of $2,500.00," Defendant failed to make the payments required. (*Id.*) Further, Plaintiff reported "Defendant advised that it would not perform under the terms of the Agreement." (*Id.*) Therefore, Plaintiff informed the Court that she intended to file a motion to enforce the settlement agreement. (*Id.* at 3)

Based upon the information provided by Plaintiff, the Court discharged the order to show cause on April 12, 2018. (Doc. 7) The Court ordered Plaintiff to "either seek default against the

defendant or file her motion for enforcement of the settlement agreement" no later than May 4, 2018. (*Id.* at 2) In addition, if Plaintiff elected to file motion, the Court ordered her to "support her motion with legal authorities that demonstrate the Court's authority to act, given the factual posture of this case." (*Id.*)

On May 19, 2018, Plaintiff filed the motion to enforce the settlement agreement now pending before the Court.[1] (Doc. 1) To date, Defendant has not responded to the complaint or appeared in the action.

## II. Enforcement of Settlement Agreements

Under federal law, "'it is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.'" *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). In addition, the Ninth Circuit recognized a trial court has "inherent enforcement power." *Id.* (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)) Whether to enforce a settlement agreement is a matter committed to the Court's discretion. *See id.; see also Brokaski v. Delco Sys. Operations*, 41 Fed. Appx. 958, 959 (9th Cir. 2002) (indicating the Court was "review[ing] the district court's enforcement of a settlement agreement for an abuse of discretion").

## III. Discussion and Analysis

Plaintiff contends this Court should enforce the settlement agreement between Plaintiff and Defendant "because this case is still pending" and the settlement agreement is enforceable as a contract under California law. (Doc. 11 at 4) According to Plaintiff, "Defendant should also be sanctioned" for breaching the settlement agreement, because "Plaintiff's counsel worked 3.00 hours on this Motion, which does not include the several e-mails sent to Mr. Patel asking for him to perform." (*Id.* at 5)

Significantly, this Court previously ordered Plaintiff to identify "legal authorities that

---

[1] Plaintiff failed to provide a proof of service indicating that Defendant was served with the motion, as required by the Local Rules. Plaintiff is advised that future disregard of the Local Rules will result in the imposition of sanctions, including dropping a motion from the Court's calendar.

3

demonstrate the Court's authority" to enforce a settlement agreement in light of the posture of this action. (Doc. 7 at 2) In support of the pending motion, Plaintiff asserted only that the Court has "inherent power to enforce settlements between the parties in pending cases." (Doc. 11 at 4) (quoting *In re City Equities Anaheim, Ltd.,* 22 F.3d at 957) Plaintiff identified no authority that it is proper for the Court to enforce a settlement agreement where the defendant has not yet appeared in this action, and the defendant has not availed itself of the Court's jurisdiction. In addition, the settlement contract does not demonstrate that the defendant agreed that the Court could enforce the agreement, absent its general appearance. Indeed, the Court has not located any authority that indicates a settlement agreement should be enforced against a defendant who has not appeared in an action. Further, Due process suggests the defendant should have notice an opportunity to be heard before a settlement agreement is enforced by the Court.

Finally, the Court notes that Plaintiff is not without recourse at this juncture. She may request entry of default in light of the defendant's failure to respond to the complaint and thereafter seek default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

**IV.     Conclusion and Order**

For the foregoing reasons, the Court finds enforcement of the settlement agreement at this junction is not proper. Accordingly, the Court **ORDERS**:

1. The hearing date of June 25, 2018 is **VACATED**;
2. Plaintiff's motion for enforcement of a settlement agreement is **DENIED** without prejudice;
3. Plaintiff **SHALL** file a request for entry of default **no later than June 29, 2018.**

IT IS SO ORDERED.

Dated:     **June 19, 2018**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

4